**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | |
| 11380 SMITH ROAD, LLC, ) | Case No. 18-10965 |
| EIN: 46-4766309, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

**11380 EAST SMITH RD INVESTMENTS, LLC'S, *EX PARTE* MOTION FOR RULE 2004 EXAMINATION OF DEBTOR 11380 SMITH ROAD, LLC**

11380 East Smith RD Investments, LLC ("**Lender**"), the Debtor's sole secured creditor in this chapter 11 case, by and through its undersigned counsel, Moye White LLP, files its *Ex Parte* Motion for Rule 2004 Examination of Debtor 11380 Smith Road, LLC (the "**Motion**"). In support of the Motion, Lender states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157(a) and (b), and 1334(a) and (b). This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) as this matter concerns the administration of the Debtor's estate. The rule based predicate for relief in this Motion is Rule 2004 of the Bankruptcy Rules and L.B.R. 2014-1. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

**Background**

A. **Prepetition Loan Obligations.**

2. On October 25, 2016, the Debtor made, executed and delivered its promissory note to Lender in the principal amount of $3,000,000 (the "**Note**").

3. On October 25, 2016, in order to secure the obligations due and owing under the Note, the Debtor executed a Deed of Trust, Security Agreement, Financing Statement and Assignment of Rents and Revenues (the "**DOT**") in favor of Lender.

4. The DOT granted Lender a first-position security interest in the real property commonly known as 11380 East Smith Road, Aurora, Colorado 80010 (the "**Property**"). Lender perfected its security interest in the Property, on October 26, 2016, when it recorded a copy of the DOT with the Clerk and Recorder of Adams County, Colorado, as Reception No. 2016000091839.

5. To further secure the obligations due and owing under the Note, Debtor executed an Assignment of Rents and Leases (the "**AOR**") in favor of lender.

6. The AOR granted a security interest to Lender in all of the "rents, issues, earnings, income, profits, benefits and advantages arising from the Property and from said Leases and all other sums due or to become due under and pursuant thereto . . .". On October 26, 2016, Lender recorded a copy of the AOR with the Clerk and Recorder of Adams County, Colorado, as Reception No. 2016000091840.

7. In connection with the loan, Debtor presented Lender with two separate leases which burdened the Property. The first lease was between the Debtor and Hi-Tec Plastics, Inc. ("**HTP**"), with a term that runs through December 31, 2018 (the "**HTP Lease**"). The second lease was between the Debtor and Hi-Tec Recycling, Inc. ("**HTR**"), with a term that runs through December 31, 2018 (the "**HTR Lease**").

8. The Debtor's authorized representative, Mr. Louis Hard ("**Mr. Hard**"), is the registered agent for both HTP and HTR.

9. The Note matured by its terms on October 25, 2017, and the Debtor failed to repay the obligations due and owing thereunder according to the terms thereof.

10. Prior to the commencement of this Chapter 11 case, Lender had properly noticed a Trustee's Sale of the Property that was set for February 14, 2018 at 10:00 a.m. (the "**Trustee's Sale**"). A true and correct copy of the notice of Trustee's Sale is attached hereto as Exhibit 1.

**B.    Background Regarding This Bankruptcy Case.**

11. On February 13, 2018, the day before the Trustee's Sale, the Debtor initiated this bankruptcy case when it filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code. (Docket No. 1).

12. The Debtor filed this case as a single asset real estate entity as such term is defined under Section 101(51B) of the Bankruptcy Code. (*Id*. at p. 2).

13. The Debtor's Schedule D, filed with its petition, valued the Property at $6,500,000.00. (*Id*. at p. 18).

14. The Debtor's Schedule G says that the Debtor has no executory contracts and/or unexpired leases. (*Id*. at p. 20).

15. The Debtor's Statement of Financial Affairs indicates that the Debtor's had annual gross revenues of $641,084.37 for the year 2016 and $229,240 for the year 2017. (*Id*. at p. 5).

16. The Debtor's creditors' matrix indicates that, other than the SEC and IRS, the Debtor has only three (3) creditors: (a) Lender; (b) Tim Henzel; and (c) Xcel Energy.

17. On February 19, 2018, the Debtor filed its Application to Employ CBRE, Inc. ("**Broker**"), as Brokerage Firm for the Estate. (Docket No. 14).

18. Lender has filed its Notice Pursuant to Section 546(b) of the Bankruptcy Code in order to perfect its security interest in the rents generated by the Property under the HTP Lease and HTR Lease. (Docket No. 30).

19. The Debtor has not filed a sale motion, thereby explaining the necessity for the Broker, nor a Chapter 11 plan. Furthermore, upon information and belief, Lender believes that HTP and HTR owe the Debtor past due rent under their respective leases. Lender further believes, upon information and belief, that Mr. Hard has sold substantially all of the assets of both HTP and HTR, and has directed both such entities to refuse to pay their lease obligations.

20. As of the Petition Date, the amount due and owing under the terms of the Note was no less than $3,521,833.33 with interest accruing *per diem* at the rate of $2,333.33.

**Relief Requested**

21. Pursuant to Rule 2004 of the Bankruptcy Rules, the Lender seeks authorization to obtain documents and oral testimony from the Debtor and its representative Mr. Hard.

22. The Lender seeks specific documents and testimony relating to the Property, conduct, liabilities and financial condition of the Debtor, and other matters affecting the administration of the bankruptcy estate. Such documents and testimony will be highly probative of determining whether the Debtor has any possibility of reorganizing and/or proposing a confirmable plan which will be highly probative of whether stay relief should be granted. *See* 11 U.S.C. § 362(d)(1) and (3). Additionally, Lender seeks documents and testimony regarding HTP and HTR's remaining obligations under their respective leases as the rents generated by such leases are Lender's collateral. Lender further seeks discovery regarding the nature and extent of all claims, not just claims for back rent, the Debtor may pursue against HTP and HTR. The discovery will be highly probative of whether grounds exist to appoint a Chapter 11 Trustee, and/or whether to convert or dismiss the case to Chapter 7. Lender further seeks discovery regarding the nature and extent of Tim Henzel's claim against the Debtor. Lastly, Lender seeks discovery surrounding the Debtor's reasons for filing this Chapter 11 case due to the filing hereof the day before the Trustee's Sale.

23. Pursuant to L.B.R. 2014-1(b), Lender requests that the Court order the production of documents to be made and testimony to be received be no later than the date that is fourteen (14) days after service following entry of an order granting this Motion.

**Discussion**

24. Rule 2004 of the Bankruptcy Rules provides that "[o]n motion of any party in interest, the court may order the examination of any entity" relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may

affect the administration of the debtor's estate, or to the debtor's right to a discharge." FED. R. BANKR. P. 2004(a)-(b).

25. Rule 2004 "is a basic discovery device used in bankruptcy cases." *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 275 (D. Colo. 1991). Rule 2004 permits the party invoking it to undertake a broad inquiry of the examinee and has been likened to a "fishing expedition," although its use is not unlimited. *See Blinder*, 127 B.R. at 274; *see also In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (E.D. Pa. 1990) ("The scope of a [Rule] 2004 examination is even broader than that of discovery permitted under the F.R.CIV.P., which themselves contemplate broad, easy access to discovery.").

26. "The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the Court to discover its extent and its whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'" *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (quoting *Cameron v. United States*, 231 U.S. 710, 717 (1914)). The scope of inquiry permitted in a Rule 2004 examination is extremely broad. *See, e.g., In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y.); *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

27. This Motion seeks authorization to conduct an examination of the Debtor and falls squarely within the scope of a permissible Rule 2004 examination. As described above, the Lender seeks documents and testimony concerning the conduct, property, liabilities and financial condition of the Debtor, as well as certain matters that may affect the administration of the Debtor's bankruptcy estate. The discovery will help demonstrate whether grounds exist for the appointment of a Chapter 11 Trustee, or whether dismissal is appropriate. Furthermore, the discovery will likely lead to admissible evidence as to whether the Debtor has an ability to reorganize under Chapter 11 which is directly relevant on whether to stay relief will be proper under Section 362(d)(3) of the Bankruptcy Code. Additionally, the reasons for filing this Chapter 11 case, on the eve of the Trustee's Sale, will be relevant to determine whether the case has been filed in bad faith which is relevant for purposes of Section 362(d)(1) in a single asset real estate case. Consequently, the documents and examination sought by the Lender are within the scope of Rule 2004 of the Bankruptcy Rules. *See* FED. R. BANKR. P. 2004(b).

28. The Lender requests that the Court enter an order: (a) authorizing the issuance of a subpoena to the Debtor requiring the production of the documents specified in the Document Requests attached as <u>Exhibit 2</u> hereto and to be produced to the Lender with fourteen (14) days after the Debtor has been served with a copy of any order granting this Motion; and (b) authorizing the deposition of the Debtor by the Lender to occur shortly after the production of documents but in no event later than five (5) business days after a complete production.

29. The Lender has not previously requested a Rule 2004 examination of the Debtor.

WHEREFORE, the Lender respectfully requests that this Court enter an Order, substantially in the form as attached hereto as <u>Exhibit 3</u>, that (i) authorizes the Lender to serve a subpoena on the Debtor requiring production, no later than fourteen (14) days following service of any order granting this Motion on him, of the documents described in the Document Request

4

attached hereto as <u>Exhibit 2</u>; (ii) authorizes the Lender to take the deposition of the Debtor shortly after the receipt of all documents produced but in no event later than five (5) business days after a complete production; and (iii) grants such further relief as the Court deems just.

Dated: March 6, 2018  **MOYE WHITE LLP**

<u>/s/ *Timothy M. Swanson*</u>
Timothy M. Swanson, Colorado No. 47267
1400 16th Street, Suite 600
Denver, CO 80202
(303) 292-2900
(303) 292-4510 *facsimile*
tim.swanson@moyewhite.com
***Counsel for 11380 East Smith Rd Investments, LLC***

## CERTIFICATE OF SERVICE

      I hereby certify that on March 6, 2018, I electronically filed the foregoing **11380 EAST SMITH RD INVESTMENTS, LLC'S,** *EX PARTE* **MOTION FOR RULE 2004 EXAMINATION OF DEBTOR 11380 SMITH ROAD, LLC** with the clerk of the court using the CM/ECF system, which will send notification of such filing to all parties receiving electronic notice from the Court's CM/ECF system, and *via* first class mail on the parties identified on the Debtor's Creditors' Matrix as of March 6, 2018 attached hereto as <u>Exhibit 4</u> along with a copy upon the Debtor, Debtor's counsel and counsel for the United States Trustee as identified below.

                                                  *s/ Timothy M. Swanson*

11380 Smith Road, LLC
c/o Mr. Louis Hard
11380 Smith Road
Aurora, CO 80010
*Debtor*

Mr. Jeffrey Weinman
730 17th Street, Suite 240
Denver, CO 80202
*Counsel to the Debtor*

Robert Samuel Boughner
Byron G. Rogers Federal Building
1961 Stout Street, Suite 12-200
Denver, CO 80294
*Counsel to the United States Trustee*

Daniel J. Morse
308 W. 21st Street, Suite 203
Cheyenne, WY 82001
*Counsel to the United States Trustee*