UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| 11380 SMITH RD LLC ) | Case No. 18-10965 TBM |
| EIN 46-4766309 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

## PLAN OF REORGANIZATION

11380 Smith Rd LLC, Debtor-in-Possession ("Debtor"), proposes this Plan of Reorganization ("Plan"), pursuant to §1121 of the Bankruptcy Code (11 U.S.C. §1121). This Plan is dated March 23, 2018.

### ARTICLE I.

### DEFINITIONS

The following terms, when used in the Plan, shall have the following meanings:

1.1   <u>Administrative Expenses</u> shall mean those expenses entitled to priority under the provisions of §§507 and 503(b) of the Bankruptcy Code, including actual and necessary costs and expenses of preserving the estate.

1.2   <u>Allowed Claim</u> shall mean a claim (a) in respect of which a Proof of Claim has been timely filed with the Court within the applicable period of limitation fixed by Bankruptcy Rule 3003 or (b) scheduled in the list of creditors prepared and filed with the Court by the Debtor pursuant to Bankruptcy Rules 1007 and 3003, and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation pursuant to

Bankruptcy Rule 3007 or an Order of the Court, or as to which any such objection has been terminated by an Order or Judgment which is no longer subject to appeal, or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

1.3     Assets shall mean all property rights and Interest, real and personal, owned by the Debtor or the Estate as of the Effective Date established herein.

1.4     Bankruptcy Code shall mean Title I of the Bankruptcy Reform Act of 1978, 11 U.S.C. §1101 et seq., as amended ("Code").

1.5     Brown Dunning Walker, PC, 2000 South Colorado Blvd., Tower Two, Suite 700, Denver, CO 80222, shall mean the attorneys hired with Bankruptcy Court approval to represent the Debtor as special counsel in its Chapter 11 proceeding.  To the extent allowed by the Court, Brown Dunning Walker, PC's fees and expenses are entitled to payment as Chapter 11 expenses for services provided to the Debtor.  Brown Dunning Walker, PC is a Professional Person as described herein.

1.6     CBRE, Inc., 8390 E. Crescent Pkwy., Ste. 300, Greenwood Village, CO 80111, shall mean the real estate broker hired with Bankruptcy Court approval to sell the Debtor's Real Property. To the extent allowed by the Court, CBRE, Inc.'s fees and expenses are entitled to payment as Chapter 11 administrative expenses.  CBRE, Inc. is a Professional Person as described herein.

1.7     Chapter 11 shall mean Chapter 11 of the Code.

1.8     Claim shall mean a claim against the Debtor as defined in 11 U.S.C. §101(5).

1.9     Class shall mean any class of creditors or interests described in Article II of the Plan.

1.10 <u>Closing Date</u> shall mean the date that the sale or refinance of the Debtor's Real Property closes.

1.11 <u>Confirmation Date</u> shall mean the date on which the Plan is confirmed by the Bankruptcy Court.

1.12 <u>Confirmation Order</u> shall mean a Final Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code.

1.13 <u>Court or Bankruptcy Court</u> shall mean the United States Bankruptcy Court for the District of Colorado, unless otherwise identified.

1.14 <u>Debtor</u> shall mean Debtor-in-Possession, 11380 Smith Rd LLC. The terms "Debtor" and "Debtor-in-Possession" may be used interchangeably in the within Plan but shall have the same meaning. The Debtor, 11380 Smith Rd LLC, is the proponent of this Plan of Reorganization.

1.15 <u>Disallowed Claim</u> shall mean any claim or portion thereof that has been disallowed by a Final Order of the Bankruptcy Court.

1.16 <u>Disputed Claim</u> shall mean any claim which has been scheduled by the Debtor as disputed, contingent or unliquidated, or any claim as to which an objection has been filed and allowance or disallowance of such claim has not been determined by a Final Order.

1.17 <u>Effective Date</u> shall mean the Closing Date.

1.18 <u>Estate</u> shall mean the estate created and existing in this case pursuant to §541 of the Bankruptcy Code.

1.19 <u>Final Order</u> shall mean an Order or a Judgment as to which the time to seek certiorari, appeal, review or a hearing has expired and as to which no writ of certiorari, appeal or petition for review or a hearing or rehearing is pending.

1.20 <u>Interest payable to the holders of Allowed Unsecured Claims ("Unsecured Interest")</u> shall mean the current Federal Judgment Interest Rate or such appropriate rate as is determined by the Court.

1.21 <u>Merlin Law Group, P.A.</u>, 999 18th Street, Suite 3000, Denver, CO 80202, shall mean the attorneys hired with Bankruptcy Court approval to represent the Debtor as special counsel in the U.S. District Court for the District of Colorado Proceeding. To the extent allowed by the Court, Merlin Law Group, P.A.'s fees and expenses are entitled to payment as Chapter 11 expenses for services provided to the Debtor. Merlin Law Group, P.A. is a Professional Person as described herein.

1.22 <u>Net Proceeds</u> shall mean the net proceeds from the sale or refinance of the Debtor's Real Property after payment of closing costs, post-petition real property taxes, commissions and other expenses of closing.

1.23 <u>Petition Date</u> shall mean February 13, 2018, the date on which the Debtor filed its voluntary Chapter 11 petition with the Court.

1.24 <u>Plan</u> shall mean this Plan of Reorganization and such amendments, if any, as may be proposed by the Debtor.

1.25 <u>Professional Person</u> shall mean an attorney, accountant, appraiser or real estate broker hired with Bankruptcy Court approval to represent or provide services to the Debtor during the pendency of the Debtor's Chapter 11 bankruptcy proceeding.

1.26    Pro Rata shall mean with respect to any holder of an allowed claim in a particular class, the proportion that claim bears to the amount of all allowed claims in that class.

1.27    Real Property shall mean the real property owned by the Debtor located at 11380 East Smith Road, Aurora, CO 80010.

1.28    Reorganized Debtor shall mean the Debtor following that date which the Confirmation Order confirming the Plan becomes a Final Order.

1.29    Springer & Steinberg PC, 1600 Broadway, Suite 1200, Denver, CO 80202, shall mean the attorneys hired with Bankruptcy Court approval to represent the Debtor as special counsel in the U.S. District Court for the District of Colorado Proceeding. To the extent allowed by the Court, Springer & Steinberg PC's fees and expenses are entitled to payment as Chapter 11 expenses for services provided to the Debtor. Springer & Steinberg PC is a Professional Person as described herein.

1.30    Unsecured Claims shall mean the Allowed Claims against the Debtor which are unsecured and which are other than Allowed Priority Claims and Administrative Expenses, and shall include any Deficiency Claim(s) arising to the holder of an Allowed Secured Claim, pursuant to the provisions of 11 U.S.C. §506, after a hearing pursuant to Rule 3012 of the Bankruptcy Rules or resulting from any agreement reached between the Claimant and the Debtor in which it is determined that the value of the collateral securing the claim is less than the Allowed Claim.

1.31    Unsecured Creditors shall mean the holders of allowed Unsecured Claims in the estate.

1.32  U.S. District Court for the District of Colorado Proceeding shall mean Case No. 2017-CV-00346, *Owners Insurance Company, Plaintiff and Counterclaim Defendant v. 11380 East Smith Road, LLC and 355 Moline, LLC, Defendants and Counterclaim Plaintiffs*.

1.33  Weinman & Associates, P.C., 730 17th Street, #240, Denver, CO 80202-3506, shall mean the attorneys hired with Bankruptcy Court approval to represent the Debtor in the within Chapter 11 bankruptcy proceeding. To the extent allowed by the Court, Weinman & Associates, P.C.'s fees and expenses are entitled to payment as Chapter 11 Administrative Expenses for services provided to the Debtor. Weinman & Associates, P.C. is a Professional Person as defined herein.

## ARTICLE II.

## CLASSIFICATION OF CREDITORS' CLAIMS AND EQUITABLE INTERESTS AND IMPAIRMENT OF CREDITORS' CLAIMS AND EQUITABLE INTERESTS

A.  CREDITOR CLAIMS AND EQUITABLE INTERESTS IN THE DEBTOR ARE CLASSIFIED AND IMPAIRED IN THE PLAN AS FOLLOWS:

(1)  Class 1 consists of the allowed secured claim of the Adams County Colorado Treasurer's Office secured by a statutory lien on the Debtor's Real Property. Class 1 is impaired under the Plan.

(2)  Class 2 consists of the allowed secured claim of 11380 East Smith Rd Investments, LLC secured by a lien on the Debtor's Real Property. Class 2 is not impaired under the Plan.

(3)  Class 3 consists of the holders of allowed general unsecured claims. Class 3 is impaired under the Plan.

(4) <u>Class 4</u> consists of the holder of an equitable interest in the Debtor.  Class 4 is not impaired under the Plan.

## ARTICLE III.

## TREATMENT OF CLASS OF CREDITOR CLAIM AND CLASS OF EQUITABLE INTEREST WHICH ARE NOT IMPAIRED UNDER THE PLAN

Provision for the treatment of creditor claim and holder of equitable interest in the Debtor is set forth below.

3.1 <u>Class 2</u>.  <u>11380 East Smith Rd Investments, LLC</u>.  The holder of the allowed secured claim in Class 2 will be paid from the Net Proceeds from the sale or refinance of the Debtor's Real Property on the Effective Date. The allowed secured claim of the Class 2 creditor shall be paid by the cure and deceleration of any default under the promissory note, and payment in full of such amount plus any amount which the Class 2 creditor may be entitled to as damages under 11 U.S.C. §1124(2) on the Effective Date. To the extent that the Debtor and the Class 2 creditor dispute any such amount, such amount shall be determined by the Court. To the extent that any allowed secured claim of the Class 2 creditor is not paid in full, such unpaid amount shall be allowed as an unsecured claim and paid as provided for in Class 3 of the Plan. Upon payment in full, the lien securing the Class 2 claim shall be released.

3.2 <u>Class 4</u>.  The holder of an equitable interest in the Debtor shall retain such interest in the Debtor to the same extent as his pre-petition equitable interest in the Debtor. the holder of such equitable interest shall not be paid until the holders of allowed administrative expenses, allowed secured claims, and allowed unsecured claims are paid in full as provided for in this Plan.

# ARTICLE IV.

## **TREATMENT OF CLASSES OF CREDITORS' CLAIMS IMPAIRED UNDER THE PLAN**

Provision for payment of or treatment of creditor classes impaired under the Plan is set forth below.

4.1     Class 1.  Adams County Colorado Treasurer's Office.  The holder of an allowed secured claim in Class 1 shall be paid the allowed amount of its secured claim plus appropriate statutory interest from the Net Proceeds on the Effective Date. The holder of the allowed secured claim in Class 1 shall retain its lien(s) to the same extent and in the same priority as its pre-petition lien(s) pending payment in full of its allowed secured claims. To the extent that the secured claim of the Class 1 creditor is not paid in full, such unpaid amount shall be allowed as an unsecured claim and paid as provided for in Class 3 of the Plan. Upon payment in full, the lien(s) of the Class 1 creditor shall be released.

4.2     Class 3.  Unsecured Claims.  Class 3 consists of the Allowed Unsecured Claims of the Debtor's Unsecured Creditors.  The allowed unsecured claims of the Class 3 creditors shall be paid in full plus Unsecured Interest from the Net Proceeds from the sale or refinance of the Debtor's Real Property, after the Debtor's creditors with allowed secured claims are paid in full. Any disputed Unsecured Claims of the Class 3 creditors shall be paid in full with Unsecured Interest pursuant to the terms of the Plan when such Disputed Unsecured Claims become Allowed Unsecured Claims as a result of a Final Order entered by the Court allowing such unsecured claims.

# ARTICLE V.

## PAYMENT OF UNCLASSIFIED ALLOWED CHAPTER 11 ADMINISTRATIVE EXPENSES AND ALLOWED UNSECURED PRIORITY CLAIMS

5.1  Payment of allowed Chapter 11 Administrative Expenses and allowed Unsecured Priority Claims not classified under the Plan is set forth in Paragraph 5.2 below.

5.2  <u>Administrative Expenses</u>.  Chapter 11 Administrative Expenses are identified as follows:

(a)  Counsel (Weinman & Associates, P.C.) employed to represent the Debtor in the within bankruptcy proceeding;

(b)  Special Counsel (Brown Dunning Walker, PC) employed to represent the Debtor as special counsel;

(c)  Special Counsel (Merlin Law Group, P.A.) employed to represent the Debtor as special counsel in the U.S. District Court for the District of Colorado Proceeding;

(d)  Special Counsel (Springer & Steinberg PC) employed to represent the Debtor as special counsel in the U.S. District Court for the District of Colorado Proceeding;

(e)  Real Estate Broker (CBRE, Inc.) employed to sell the Debtor's Real Property;

(f)  Fees required to be paid to the U.S. Trustee pursuant to 28 U.S.C. §1930; and,

(g)  Post-petition fees and expenses, including taxes, incurred by the Debtor's bankruptcy estate in the ordinary operation and management of the Debtor's business and/or financial affairs.

The holders of allowed expenses in Paragraphs 5.2(a) through (d) shall submit their requests for payment to the Court and the Debtor shall pay such Allowed Chapter 11 Administrative Expenses only upon approval by and in the amount allowed by the Court.

The holders of allowed expenses in Paragraphs 5.2(a) through (d) shall be paid the allowed amount of their Chapter 11 Administrative Expenses on the Effective Date of the Plan provided the Court has entered final, non-appealable orders allowing such Administrative Expenses or as may be otherwise agreed to by these Administrative Claimants and the Debtor.

The holder of allowed expenses in Paragraph 5.2(e) shall be paid at the closing on the sale or refinance of the Debtor's Real Property.

U.S. Trustee fees required to be paid pursuant to 28 U.S.C. §1930 identified in Paragraph 5.2(f) shall be timely paid until such time as the within Chapter 11 case is dismissed, converted or closed by order of the Bankruptcy Court.

Fees and other expenses identified in Paragraph 5.2(g) shall be paid pursuant to the terms of any agreement and/or in the ordinary course of the Debtor's business and/or financial affairs according to ordinary business terms.  Any unpaid and due post-petition taxes owing by the Debtor's bankruptcy estate will be paid in full on or before the Effective Date of the Plan.

5.3     <u>Allowed Unsecured Priority Claims</u>.  Any unpaid and allowed Unsecured Priority Claims shall be paid in full with an appropriate rate of interest in monthly payments of principal and interest at the appropriate statutory rate amortized over a period of not longer than 48 months beginning on the Effective Date with the first payment of principal

and interest due on the Effective Date and continuing monthly thereafter up to an additional 47 months until any such priority claim is paid in full.

## ARTICLE VI.

## MEANS FOR IMPLEMENTATION OF THE PLAN

6.1 Upon confirmation of the Plan, the Reorganized Debtor will implement their Plan as follows:

(a) Upon entry of the Confirmation Order, title in the Debtor's Assets, except as otherwise provided for herein, will be transferred to the Reorganized Debtor.

(b) The Debtor will pay all taxes due after entry of the Confirmation Order in the ordinary course of business and will insure and properly maintain its Assets.

(c) The Debtor will pay the holders of allowed Chapter 11 Administrative Expenses on the Effective Date of the Plan unless otherwise agreed to between these parties and the Debtor, or as otherwise provided for in the Debtor's Plan.

(d) The Debtor will pay the holders of allowed unsecured claims in Class 3 as provided for under the terms of the within Plan.

(e) The Debtor will continue to list its Real Property for sale or refinance and will pay the holders of allowed secured claims secured by lien(s) on the Debtor's Real Property from the Net Proceeds from the sale or refinance of its Real Property on the Effective Date.

(f) The Debtor will provide adequate protection to the holders of allowed secured claims secured by an interest in its Real Property pending the sale

or refinance of its Real Property by continuing maintenance of the Real Property, insurance and taxes.

(g) The Debtor shall pursue its legal claims and/or defenses against Owner's Insurance Company in the U.S. District Court for the District of Colorado Proceeding.

(h) In the event of a closing on the sale or refinance of the Debtor's Real Property prior to a resolution of the amount of the Class 2 creditor's secured claim, the Debtor shall, in consultation with counsel for the Class 2 creditor, provide for adequate Net Proceeds to be escrowed for the benefit of the holder of the Class 2 claim plus appropriate interest pending a determination by the Court of the amount of the Class 2 creditor's claim.

6.2 The Reorganized Debtor will pay quarterly fees to the U.S. Trustee as required by the Bankruptcy Code until its case is closed, converted to a Chapter 7 case or dismissed by the Bankruptcy Court.

6.3 <u>Objections to Claims</u>.

(a) The Debtor shall object, when appropriate to any administrative expense, secured or unsecured claim; and

(b) The Debtor shall bring any preference or fraudulent conveyance claims as appropriate.

6.4 <u>Payment of Allowed Claims and Administrative Expenses Under the Plan</u>. The Reorganized Debtor shall make payments to creditors and administrative expense claimants as provided for under the terms of the within Plan. Payments to creditors and administrative expense claimants under the Plan shall be made by check and shall be

mailed to each creditor and/or administrative expense claimant with an allowed claim at the address set forth in the Debtor's Statements and Schedules filed with the Court or as set forth in any Proof of Claim, other pleading or change of address notification, etc. filed with the Court.

6.5 <u>Unclaimed Distributions</u>.  For a period of one year following the date a payment is due under the within Plan, the Reorganized Debtor shall retain in a reserve account for issuance any unclaimed distributions for the benefit of the holders of allowed claims and/or administrative expenses which have failed to claim such distributions. Following the one year period after such distributions are due, the holders of allowed claims or allowed administrative expenses theretofore entitled to such distributions held in such reserve account shall cease to be entitled thereto and such unclaimed distributions shall become property of the Reorganized Debtor.

## ARTICLE VII.

## UNEXPIRED EXECUTORY CONTRACTS AND LEASES

7.1 <u>Unexpired Executory Contracts and Leases</u>.

(a) The following unexpired executory contracts and/or leases shall be assumed by the Debtor upon confirmation of the Debtor's Plan unless assumed prior to confirmation of the Debtor's Plan: None.

(b) All unexpired executory contracts and/or leases of the Debtor neither assumed pursuant to the Plan nor pursuant to an order of the Court prior to confirmation of the Plan shall be deemed to be rejected upon confirmation of the Plan.  These unexpired executory contracts and/or leases are identified as follows: None.

## ARTICLE VIII.

## **MISCELLANEOUS PROVISIONS**

8.1 Procedures for Resolving Contested Matters.

(a) The Reorganized Debtor's objections to claims shall be filed with the Court and shall be served on the holder of each of the claims to which objections are filed by no later than 180 days after the Effective Date. The Reorganized Debtor shall litigate to judgment, settle or withdraw objections to all such Disputed Claims; and

(b) No payments or distributions shall be made under the Confirmed Plan with respect to all or any portion of a Disputed Claim or Administrative Expense unless and until all objections to such Disputed Claim or Administrative Expense have been determined by Final Order of the Court. Payments and distributions to holders of Disputed Claims or Administrative Expenses under the Confirmed Plan, to the extent such become Allowed Claims or Administrative Expenses, shall be made in accordance with the provisions of this Plan.

8.2 Compromise and Settlement of Claims and/or Disputes. The Reorganized Debtor shall be authorized to compromise and settle any claim and/or dispute which it may have against any entity or which may have been brought by any entity against the Debtor. Any such compromise or settlement shall be subject to approval by the Bankruptcy Court after notice and opportunity for hearing as provided for pursuant to Rule 9013 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Colorado.

8.3 <u>Provisions for Execution and Supervision of the Plan: Retention of Jurisdiction</u>.

    (a) The Court shall retain and have exclusive jurisdiction over the Chapter 11 case for the following purposes to the extent authorized by the Code:

(1) To determine any and all objections to the allowance of claims;

(2) To determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Code or the Plan;

(3) To determine any applications pending on the Effective Date for the rejection or assumption of executory contracts or unexpired leases for the assumption and assignment, as the case may be, of those executory contracts or unexpired leases to which the Debtor is a part or with respect to which the Debtor may be liable, and to hear and determine, and if need be, to liquidate any and all claims arising therefrom;

(4) To determine any and all applications, adversary proceedings and contested or litigated matters that may be pending on the Effective Date;

(5) To consider any modifications of the Plan, remedy any defect or omission or reconcile any inconsistency in any Order of the Bankruptcy Court, including the Confirmation Order;

(6) To determine all controversies, suits and disputes that may arise in connection with or interpretation, enforcement or consummation of the Plan;

(7) To consider and act on the compromise and settlement of any claim or cause of action by or against the Debtor's Estate;

(8) To resolve any pending disputes regarding the Debtor's interest in property;

(9) To issue orders in aid of execution of the Plan to the extent authorized by 11 U.S.C. §1142 of the Code; and

(10) To determine such other matters as may be set forth in the Confirmation Order or as may arise in connection with the Plan or the Confirmation Order.

(b) The Plan may be amended by the Debtor and/or the Reorganized Debtor before or after the Confirmation Date as provided in 11 U.S.C. §1127 of the Code.

8.4 Payment of Fees Pursuant to 11 U.S.C. §1129(12). All fees required to be paid by 28 U.S.C. §1930 will be paid as required therein until such time as the within Chapter 11 case is dismissed, converted or closed by order of the Bankruptcy Court. The Reorganized Debtor shall file quarterly post-confirmation reports until the case is closed.

8.5 Modification of Payment Terms. The treatment of any Allowed Claim may be modified or reduced at any time after the Confirmation Date upon the consent of the creditor whose Allowed Claim treatment is being modified.

8.6 <u>Retention of Liens</u>.  Except as may be otherwise provided for in this Plan, creditors whose claims are secured by lien(s) against the Debtor's Assets or otherwise claim an interest in such Assets shall retain such liens to the extent of their allowed secured claims and in the same priority as their pre-petition liens or, shall retain their interest in such Assets to the same extent and in the same priority as their pre-petition interests in such Assets.

8.7 <u>Discharge of Debtor</u>.  Upon the entry of a discharge of the Debtor, all creditors and holders of interests shall be precluded from asserting against the Debtor and its Assets, any other or future claim or interest based on any act or omission, transaction or other activity of any kind that occurred prior to the Effective Date.

8.8 <u>Debtor's Assets</u>.  Except as provided for in the Plan or in the Confirmation Order, upon Confirmation of the Plan, the Reorganized Debtor shall be vested with full ownership of and dominion over its Assets free and clear of all claims, liens, charges and other interests of creditors arising prior to the filing of the bankruptcy petition and except as otherwise provided in the Plan.  Upon confirmation of the within Plan, the Reorganized Debtor may manage their financial affairs free of any restrictions of the Bankruptcy Code, the Bankruptcy Court or the United States Trustee except as otherwise provided in the Plan.

8.9 <u>Final Report</u>.  The Debtor will file its Final Report and seek to obtain a Final Decree administratively closing its Chapter 11 proceeding no later than 180 days after entry of the Confirmation Order unless not otherwise able to do so. The Reorganized Debtor will make quarterly post-confirmation reports to the Court and the U.S. Trustee until such time as the Final Decree is entered by the Court.

8.10     Default.  In the event of a default by the Reorganized Debtor with respect to payments to creditors under this Plan, such creditors shall be entitled to take action to collect the amount of their debt as provided for in the Confirmed Plan with whatever collection remedies it normally would have available when payments to such creditors are not made as scheduled were this case not in bankruptcy.  The creditors shall give the Reorganized Debtor written notice of any default and the Reorganized Debtor shall have ten (10) calendar days to cure such default.  Any failure to act on any default or acceptance of late payments will not act as a waiver by the creditor to act on further defaults.

                                          DEBTOR-IN-POSSESSION
                                        11380 SMITH RD LLC

                                        /s/ *Louis Hard*
                                        Manager/Member

Respectfully submitted,

WEINMAN & ASSOCIATES, P.C.

By: /s/ Jeffrey A. Weinman
      Jeffrey A. Weinman, #7605
      730 17th Street, Suite 240
      Denver, CO 80202-3506
      Telephone: (303) 572-1010
      Facsimile: (303) 572-1011
      jweinman@weinmanpc.com
*Counsel for Debtor-in-Possession*
*11380 Smith Rd LLC*