**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| 11380 SMITH RD LLC | ) | Case No.  18-10965-TBM |
| Tax ID / EIN: 46-4766309 | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

**UNITED STATES TRUSTEE'S OBJECTION**
**TO DEBTOR'S DISCLOSURE STATEMENT**

The United States Trustee ("UST"), by and through his undersigned counsel, hereby objects to the adequacy of the Debtor's Disclosure Statement, and for his Objection, the UST states and alleges as follows:

1. The Debtor, 11380 Smith Rd, LLC ("Debtor"), filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on February 13, 2018.

2. The UST has not appointed a trustee or an examiner in this case, nor has the UST appointed an unsecured creditors' committee.

3. The Debtor continues to manage its affairs as a debtor-in-possession pursuant to § 1107 and 1108.

4. The 341 Meeting was conducted on March 23, 2018.

5. On March 23, 2018, the Debtor filed a Disclosure Statement (Docket #54), along with a Plan of Reorganization (Docket #53).

### Authority

6. The Bankruptcy Code, in § 1125(b), prohibits a debtor from soliciting acceptance or rejection of a plan unless a written disclosure statement is first approved by the Court as containing "adequate information." 11 U.S.C. § 1125.

7. Section 1125 defines "adequate information," in pertinent part, as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, . . . and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional

1

information.

11 U.S.C. § 1125(a)(1).

8. Some cases have discussed certain basic criteria that a disclosure statement should include in order to be found to have provided adequate information. *See, e.g.*, *In re Metrocraft Pub. Services, Inc.*, 39 B.R. 567 (Bankr. N.D. Ga. 1984); *In re Dakota Rail, Inc.*, 104 B.R. 138 (Bankr. Minn. 1989); *In re Scioto Valley Mortgage Co.*, 88 B.R. 168 (Bankr. E.D. Ohio 1988). Ultimately, however, the determination of what is "adequate information" in a disclosure statement is a practical and variable inquiry made on a case-by-case basis. *See In re Aspen Limousine Service, Inc*., 193 B.R. 325 (D. Colo. 1996). At a minimum, the required information should include all factors known to the plan proponent that bear upon the success or failure of the plan. *In re Stanley Hotel, Inc.*, 13 B.R. 926, 929-30 (Bankr. D. Colo. 1981).

9. The UST objects to the Disclosure Statement because it does not contain adequate information of a kind, and in sufficient detail, to enable a reasonable investor to make an informed decision about the Plan as further set forth below.

## Objections

10. <u>Pre-petition Litigation (P.8, Section V.B)</u>: The Debtor references ongoing litigation in the case of *Owners Insurance Company v. 11380 East Smith Road, LLC and 355 Moline, LLC*, Case No. 2017-cv-346, before the United States District Court for the District of Colorado. The Debtor should provide additional information concerning this litigation, including, but not limited to, the status of the litigation, the respective claims of the parties, and any recovery the Debtor anticipates receiving as a result of the litigation.

11. <u>Class 3 – Unsecured Claims (Pg.12, Section VIII(3))</u>: The Debtor provides for payment to unsecured claims from the proceeds of a sale or refinance of certain real property, after all costs of the sale, administrative claims, and secured claims are paid from those proceeds. The Debtor should specifically state what distribution the unsecured claim holders can expect to receive if the proceeds of the sale are not sufficient to pay all costs, administrative claims, and secured claims. In addition, the Debtor should explain whether the unsecured creditors will be entitled to any distributions under the Plan if the Debtor fails to sell or refinance its real property interests.

12. <u>Class 3 – Unsecured Claims (Pg.12, Section VIII(3))</u>: The Debtor states that unsecured creditors will be paid from the net proceeds of the sale of its real property. The Debtor should also state *when* its obligation to make those payments arises under the Plan.

13. <u>Class 3 – Unsecured Claims (Pg.12, Section VIII(3))</u>: The Debtor should explain whether the unsecured claim holders will receive any portion of funds the Debtor may recover from accounts receivables, avoidable transfers, or litigation claims.

14. <u>Administrative Expenses (P.14, Part IX)</u>: The Debtor explains that it anticipates entering into an agreement with its attorneys to pay their allowed Chapter 11 expenses over time following confirmation of its Plan. The Debtor should explain what source of revenue the Debtor will use to make those payments.

15. <u>Administrative Expenses (Pp.14-15, Part IX(g))</u>: The Debtor identifies "post-

petition fees and expenses, including taxes, incurred by the Debtor's bankruptcy estate in the ordinary operation and management of the Debtor's business and/or financial affairs" as an administrative expense subject to priority treatment under 11 U.S.C. § 503(b). The Debtor should further identify the types of "fees and expenses," other than taxes, that it considers to be included in this category of administrative expense, and should further state the legal standard for including those fees and expenses as administrative expenses under 11 U.S.C. § 503(b).

16. <u>Discharge (P.21, Part XII)</u>: The Debtor asserts that it will receive a discharge in this case. The Debtor filed this case as a "single asset real estate" case, as defined by 11 U.S.C. § 101(51B). The sole objective of the Debtor's proposed plan is to sell its sole interest in real estate. Accordingly, the Debtor should explain why it is not prohibited from receiving a discharge pursuant to 11 U.S.C. § 1141(d)(3) as it appears the Debtor is liquidating all or substantially all of its assets, will not continue to engage in business after the consummation of the plan, and would not be entitled to a discharge under 11 U.S.C. § 727(a).

WHEREFORE, the UST objects to the Disclosure Statement for the reasons set forth above, and requests such other relief as the Court deems just and proper under the circumstances.

Dated: April 26, 2018.

Respectfully submitted,

PATRICK S. LAYNG
UNITED STATES TRUSTEE

/s/ R. Samuel Boughner
By: R. Samuel Boughner, #AR#2010272
Trial Attorney for the U.S. Trustee
1961 Stout Street, Suite 12-200
Denver, CO  80294
(303) 312-7252
(303) 312-7259 fax
Samuel.Boughner@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below a copy of the **UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT** was served on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Dated: April 26, 2018.

11380 Smith Rd, LLC
11380 Smith Rd
Aurora, CO 80010

Jeffrey Weinman, via CM/ECF

Scott C. James, via CM/ECF

Timothy M. Swanson, via CM/ECF

Douglas W. Brown, via CM/ECF

All parties in interest who have requested notice pursuant to the CM/ECF system.

/s/ R. Samuel Boughner
Office of the United States Trustee

4