UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

Honorable Thomas B. McNamara

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **11380 SMITH RD LLC** | ) | Case No. 18-10965 TBM |
| **EIN 46-4766309** | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

---

### DEBTOR'S OBJECTION AND RESPONSE TO 11380 EAST SMITH RD INVESTMENTS, LLC'S MOTION TO DISMISS THIS CHAPTER 11 BANKRUPTCY CASE FOR BAD FAITH PURSUANT TO SECTION 1112(B) OF THE BANKRUPTCY CODE

---

COMES NOW **11380 SMITH RD LLC**, the Debtor-in-Possession ("Debtor"), by and through its counsel, Weinman & Associates, P.C., and its Special Litigation Counsel, Brown Dunning Walker PC, and for its Objection and Response to 11380 East Smith Rd Investments, LLC's Motion to Dismiss pursuant to Section 1112 (B) of the Bankruptcy Code, states as follows:

## INTRODUCTION

1.     The Debtor is seeking to reorganize its operations, and is actively working with professionals to refinance the underlying debt secured by the Debtor's real property and/or to market and sell the Debtor's real property. To that end, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code on February 13, 2018 and filed its Plan of Reorganization on March 23, 2018, approximately 5 weeks ago. The Debtor's Plan complies with the technical requirements of the Bankruptcy Code, is feasible and was proposed with honesty and sincerity, and is fundamentally fair.

2.     This bankruptcy presents a single asset real estate case where the Debtor seeks to reorganize following the Lender's foreclosure filing. As such, the recurring but not exclusive pattern of factors discussed in *In re Little Creek Development, Co.,* 779 F. 2d 1068 (5th Cir. 1986) are present. However, after reviewing the totality of the circumstances and evaluating the Debtor's financial condition, motives and the local financial realities, it will be apparent that cause does not exist for entry of an Order granting relief from the automatic bankruptcy stay nor does it exist for dismissing this case pursuant to 11 USC 1112(B).

3.     The Lender, seeking to label Debtor's motive in filing its petition and its post-petition conduct as bad faith, lifted verbatim from Judge Tallman's opinion in *In re Springs Hospitality,* 2006 Bankr. LEXIS 1804, and describes the present case as "the poster child for bad

faith single asset real estate cases". Yet, despite such characterization, the present case lacks the bad faith motives of the cases cited by Lender, and instead demonstrates an honest and sincere effort to reorganize, contrary to the Lender's cases.

## RESPONSE AND OBJECTION TO LENDER'S ALLEGATIONS

4.     The Debtor denies the allegations set forth by the Lender in paragraphs 1-3 of its Motion.

5.     The Lender has made statements in paragraphs 4 through 24 regarding documents that speak for themselves. The Debtor denies all other allegations contained in paragraphs 4 through 24 of the Motion.

6.     Although the Debtor does not deny the statements attributed to Debtor at the 341 meeting of creditors as set forth in paragraph 25 of Lender's Motion, the Debtor denies that said paragraph 25 sets forth the entirety of the 341 meeting of creditors, and therefore denies said paragraph 25.

7.     The Lender has made statements in paragraphs 26 through 31 regarding documents that speak for themselves. The Debtor denies all other allegations contained in paragraphs 26 through 31 of the Motion.

8.     Debtor denies the Lender's request for entry of an order granting dismissal of the bankruptcy, as set forth in paragraph 32 of the Lender's Motion.

9.     Debtor denies the Lender's allegations as set forth in paragraphs 33-53, inclusive.

## ANALYSIS AFFIRMATIVE DEFENSES TO LENDER'S ALLEGATIONS OF BAD FAITH

10.     In each of the cases cited by the Lender in support of its Motion, each respective court found conduct by the Debtor, in addition to the recurring pattern of factors found in *Little Creek,* to reach its conclusion of bad faith. This additional bad faith conduct does not exist as to the Debtor in this case. As such, each of the cases cited by Lender in support of its Motion can be distinguished from the present case and are addressed below.

11.     In *Little Creek,* where the eight single asset factors were first noted, in addition to the existence of the recurring pattern of factors found in single asset real estate cases, the court, in finding bad faith found that the debtor's bankruptcy filing was essentially to avoid the posting of a bond required to stay execution while on appeal. Filing bankruptcy to avoid posting of a bond is not present in this case.

12.     In *In re Nursery Land Development, Inc.,* 91 F. 3d 1414 (10th Cir. 1996), the court found bad faith when, in their haste to stop the creditor's actions, counsel for Debtor filed a hand

written bankruptcy petition but never provided the required schedules, statements or disclosures. In addition, the Court found bad faith where, despite vague statements as to new investors to reorganize the debtor, those investors were never identified nor were any agreements provided to demonstrate that indeed a reorganization was in process. The hasty, incomplete bankruptcy filing without factual support of a reorganization process in prospect is not present here.

13.    In *Pacific Rim Invs., LLP v Oriam, LLC, ( In re Pacific Rim Invs., LLP)*, 243 B.R. 768 (D. Colo. 2000), although the debtor failed to provide the court with a transcript of the bankruptcy court proceedings, Judge Kane, on appeal, determined that the debtor's principals provided false information to induce Oriam to sell its building to the debtor. When the Note matured and became due, Oriam filed for foreclosure in Denver District Court. After a year of litigation, Debtor's counsel, its third, moved to withdraw because the Debtor refused to communicate with the firm and withdrew all authority to conduct discovery, which was essential for preparation for trial. Pacific Rim was sanctioned by the state trial court and was limited in the testimony it could present at trial. Instead of hiring new counsel, to avoid trial of the issues as framed in state court, Pacific Rim filed bankruptcy three days before trial. Based on the debtor's motive and actions the bankruptcy court found bad faith and dismissed the bankruptcy, which Judge Kane affirmed. The bad faith evidenced by the debtor's failure to cooperate with the procedural requirements of the state court, are not present here.

14.    In *In re Platte River Bottom, LLC,* 2016 Bankr. LEXIS 186, Judge Tallman noted that the individual owner of the Debtor had the ability to pay the various creditors' claims. There were several single asset entities set up for the various assets, but only those without income stream were included in the bankruptcy. In reality, the debtor was using the bankruptcy to organize a start up entity to conduct a business, a sand and gravel pit, and Judge Tallman determined the debtor would never be able to satisfy the feasibility requirement to confirm a plan. Although not a single asset real estate case, Judge Tallman did refer to the *Little Creek,* recurring factors in his bad faith analysis where he dismissed the bankruptcy case. Here, the Debtor did not cherry pick the single asset real estate entities to place into bankruptcy as was done by the debtor in *Platte River Bottom,* nor is the Debtor here presenting a new start up business entity as the debtor in bankruptcy which lead to the bad faith finding in *Platte River Bottom.*

15.    In *In re Gunnison Ctr. Apts.,* 320 B.R. 391(Bankr. D. Colo. 2005), the bankruptcy was the second bankruptcy filed by the Debtor in less than thirteen months, the first case being voluntarily dismissed due to the Debtor's admitted inability to confirm a plan of reorganization. The property was subject of a receivership and on the date of appointment numerous checks essentially depleting the Debtors bank accounts were written to an insider controlled by the Debtor's principal. With this conduct, the bankruptcy was dismissed for bad faith. Conduct by the debtor depleting the debtor's bank accounts before filing is not present in this case.

16.    In In r*e Springs Hospitality,* 2006 Bankr. LEXIS 1804, Judge Tallman found bad faith, in part, when the Debtors filed an involuntary petition contrary to the shareholders vote, in which the Debtor participated, the majority of which had voted against filing a voluntary petition. Defying the vote of the majority shareholders to file bankruptcy is not present in the case herein.

17.     The final case cited by Lender as to bad faith is *In re H.T. Pueblo Props., LLC,* 2011 Bankr. LEXIS 5231. Although the *Little Creek* recurring pattern was present, Judge Romero noted that the list of factors is not exhaustive, and bad faith is found when the cumulative effect of these <u>and other factors</u>, (*emphasis supplied*), leads to the inescapable conclusion that use of the bankruptcy laws by the debtor is inappropriate. The debtor's principal testified that he had unwisely transferred funds between different properties and explained his mistakes in disclosing the source of the payment made to debtor's attorneys and willfully conceded he transferred funds between properties stating such transactions resulted in a wash rather than unwarranted gains. The factual picture painted is not of a debtor using the bankruptcy laws inappropriately but of a debtor's owner who continued unwise financial practices in preparation for and after filing the Chapter 11 petition. Judge Romero could not find Debtor's actions to constitute bad faith. In the present case, the factual picture before the court is not of a debtor using the bankruptcy laws inappropriately but, as was the case *In re H.T. Pueblo Props., LLC,* of a debtor's owner who is diligently working to refinance, sell or lease the subject assets to pay his creditors.

18.     When examined together, these cases show that it is not just the existence of the *Little Creek* factors that give rise to bad faith, as those factors are common in many single asset real estate Chapter 11 cases. But, as Judge Romero noted in *H.T. Pueblo Props.,* it is the cumulative effect of these and other factors that could give rise to a finding of bad faith.

19.     Here, all that Lender can point to, beyond the *Little Creek* factors, is the allegation that Debtor filed bankruptcy close in time to the occurrence of the foreclosure sale, and that Debtor declined to accept a low ball purchase and sale offer from a third party seeking to acquire the property at $5,500,000.00.

20.     The property has been appraised at $8,500,000.00 if occupied by a high rent tenant, and a Broker's Price Opinion concludes that the property can sell for $6,500,000.00 as vacant land.

21.     That a bankruptcy has been filed after an adverse judgment is entered, in and of itself is not bad faith. *In re Autterson,* 547 B.R. 372 (Bankr. Colo. 2016). In addressing bad faith, the court makes a spot on examination of the totality of the circumstances and evaluates the debtor's financial condition, motives and the local financial realities in determining whether a case should be dismissed or relief from stay entered for bad faith.

22.     Taking Lender's arguments to their conclusion, Lender is arguing that whenever a debtor can or could have paid the lender in full and has filed a bankruptcy instead to preserve value, that the case is a bad faith case.

23.     The local financial realities are that the Lender is over-secured by between $3,000,000.00 and $5,000,000.00. The local real estate market remains fairly robust. The Debtor has made contacts with and has a party interested in leasing the entire property, and is involved in active discussions with parties to refinance the debt on the property so Debtor can reorganize its management of the building and pay its creditors. In the alternative, the Debtor has engaged a

broker to assist in the sale of the building all for the purpose of paying the Lender the amount owed on its secured Note. There is no conduct of the Debtor where either it or its' principal have been dishonest with the Lender, or where the Debtor's conduct has been inappropriate or for self dealing at the expense of the Lender. As such, the Lender's motion to dismiss for bad faith must be denied.

## DEBTOR'S PLAN IS CONFIRMABLE

24.     Debtor will be filing an Amended Plan prior to the preliminary hearing date on the Motion For Relief from Stay, which plan will comply with all of the provisions of Section 1129 of the Bankruptcy Code, pays all creditors in full, with interest, and has been proposed in good faith and not by any means prohibited by law. The Amended Plan is feasible because the Amended Plan provides for payment from the sale or refinance of the property, which exceeds in value the debt by $2,000,000.00 to $5,000,000.00, and provides as a back stop the deeding of the property to Lender after a year.

WHEREFORE, for the reasons set forth above, Debtor prays that the Court enter its Order denying Lender's Motion to Dismiss and enter such other and further relief as the Court deems appropriate.

DATED this _____ day of May, 2018.

Respectfully submitted,

WEINMAN & ASSOCIATES, P.C.

/s/ Jeffrey A. Weinman
Jeffrey A. Weinman, No. 7605
730 17th Street, Suite 240
Denver, CO 80202-3506
Telephone: 303-572-1010
Facsimile: 303-572-1011
jweinman@weinmanpc.com

BROWN DUNNING WALKER PC

/s/ Douglas W. Brown
Douglas W. Brown, No. 10429
Neal K. Dunning, No. 10181
2000 S. Colorado Blvd.
Tower Two, Suite 700
Denver, CO 80222
Telephone: 303-329-3363
Facsimile: 303-393-8438
dbrown@bdwfirm.com
ndunning@bdwfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 1, 2018, I served by prepaid first class mail a copy of the **DEBTOR'S OBJECTION AND RESPONSE TO 11380 EAST SMITH RD INVESTMENTS, LLC'S MOTION TO DISMISS THIS CHAPTER 11 BANKRUPTCY CASE FOR BAD FAITH PURSUANT TO SECTION 1112(B) OF THE BANKRUPTCY CODE** at the following addresses:

Daniel J. Morse, Esq.
U.S. Trustee's Office
308 W. 21st St., Room 203
Cheyenne, WY 82001

Samuel Boughner, Esq.
U.S. Trustee's Office
1961 Stout St., Ste. 12-200
Denver, CO 80294

11380 Smith Rd LLC
Attn: Louis Hard, Manager/Member
11380 East Smith Road
Aurora, CO 80010

Timothy M. Swanson, Esq.
Moye White, LLP
1499 16th Street, 6th Floor
Denver, CO 80202

/s/ Jeni Mellott