**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| 11380 SMITH ROAD, LLC, | ) | Case No. 18-10965 |
| EIN: 46-4766309, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**11380 EAST SMITH RD INVESTMENTS, LLC'S, OBJECTION TO THE DEBTOR'S DISCLOSURE STATEMENT DATED MARCH 23, 2018 (DOCKET NO. 54)**

COMES NOW 11380 East Smith RD Investments, LLC ("**Lender**"), the Debtor's prepetition secured lender, for its Objection to the Debtor's Disclosure Statement Dated March 23, 2018 (the "**Objection**"). In support of the Objection, Lender states as follows:

**I.   INTRODUCTION**

1.   While issues with respect to the confirmability of a plan are almost always reserved for confirmation, the efficient administration of a bankruptcy case sometimes necessitates denying approval of a disclosure statement when the plan to be solicited is patently unconfirmable. When a plan of reorganization has no possibility of being confirmed under Section 1129 of the Bankruptcy Code, the interests of justice favor denying approval of the disclosure statement so that the parties are not forced to waste their time and money proceeding towards a futile confirmation hearing. Unfortunately, this case is one of those rare cases which necessitate denying approval of the Disclosure Statement because the Debtor's Plan is patently unconfirmable.

2.   The Plan states that Lender's claim is "unimpaired" because the Debtor intends to "cure" and "decelerate" the defaults under Lender's note. However, for reasons unknown, the Debtor fails to acknowledge that Lender's note matured by its terms back in October of 2017—*nearly 4 months before this case was filed*. Thus, there is no "cure" (other than payment in full as provided under the loan documents) and there is nothing to "decelerate" because the note is, and has been, due. Accordingly, contrary to the Debtor's assertion, Lender's secured claim is impaired and the Plan cannot be confirmed because it fails to satisfy Sections 1124, 1126 and, consequently, 1129(a)(1) of the Bankruptcy Code.

3.   Furthermore, with only 3 creditors (Lender and 2 unsecured creditors), it does not make any sense to permit the Debtor to proceed towards confirmation with this Plan which will only result in further delay and prejudice to Lender. The Debtor has stalled Lender at every stage in exercising its rights under the loan documents and applicable non-bankruptcy law, *i.e.*, failure to make regular payments, failure to pay all amounts due upon maturity, and filing this

Bankruptcy Case on the eve of a state law trustee's sale. This Plan is just another instance of additional and unwarranted delay. Instead of permitting the Debtor to continue with solicitation of this patently unconfirmable Plan, the Court should first rule on Lender's previously filed Motion: (I) for Relief From the Automatics Stay Pursuant to Section 362(d)(1) of the Bankruptcy Code; and (II) to Dismiss this Chapter 11 Bankruptcy Case for Bad Faith Pursuant to Section 1112(b) of the Bankruptcy Code (the "**Stay Relief**" **Motion**").[1] (Docket No. 70). Only if the Court denies Lender's Stay Relief Motion, should the Debtor be allowed to proceed with the confirmation process—assuming the Court approves the Disclosure Statement.

## II. BACKGROUND

4. On March 23, 2018, the Debtor filed its Plan of Reorganization (the "**Plan**") and accompanying Disclosure Statement (the "**Disclosure Statement**"). (Docket Nos. 53-54).

5. The Plan alleges that Lender's secured claim is unimpaired and proposes to treat such claim as follows:

> <u>Class 2</u>. 11380 East Smith Rd Investments, LLC. The holder of the allowed secured claim in Class 2 will be paid from the Net Proceeds from the sale or refinance of the Debtor's Real Property on the Effective Date. *The allowed secured claim of the Class 2 creditor shall be paid by the cure and deceleration of any default under the promissory note, and payment in full of such amount plus any amount which the Class 2 creditor may be entitled to as damages under 11 U.S.C. §1124(2) on the Effective Date*. To the extent that the Debtor and the Class 2 creditor dispute any such amount, such amount shall be determined by the Court. To the extent that any allowed secured claim of the Class 2 creditor is not paid in full, such unpaid amount shall be allowed as an unsecured claim and paid as provided for in Class 3 of the Plan. Upon payment in full, the lien securing the Class 2 claim shall be released.

(Docket No. 53 at p. 7, § 3.1) (emphasis added).

6. The Plan is silent as to how the Debtor is able to "cure" the defaults under the Note and "decelerate" the Note which matured over six (6) months ago.

7. The Debtor intends to implement the Plan as follows:

> (e) The Debtor will continue to list its Real Property for sale or refinance and will pay the holders of allowed secured claims secured by lien(s) on the Debtor's Real Property from the Net Proceeds from the sale or refinance of its Real Property on the Effective Date.
>
> (h) In the event of a closing on the sale or refinance of the Debtor's Real Property prior to a resolution of the amount of the Class 2 creditor's secured claim, the Debtor shall, in consultation with counsel for the Class 2 creditor, provide for

---

[1] Capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Motion.

4849-2070-2052.1

adequate Net Proceeds to be escrowed for the benefit of the holder of the Class 2 claim *plus appropriate interest pending a determination by the Court of the amount of the Class 2 creditor's claim*.

(*Id*. at p. 11-12, §§ 6.1(e), (f) and (h)) (emphasis added).

8. The Plan's "effective date" occurs once a sale or refinance of the Property occurs. (*Id*. at p. 3, §§ 1.10 and 1.17).

9. According to an errata to the Plan filed by the Debtor, the Debtor hopes to sell or refinance the Property within one (1) year after the confirmation order of the Plan has gone final. (Docket No. 59).

10. On April 10, 2018, Lender filed the Stay Relief Motion. In the Stay Relief Motion, Lender detailed numerous facts and circumstances surrounding the Debtor's bad faith, as measured by the *Little Creek* factors, for filing this single asset real estate case including:

   a. The Debtor's only meaningful asset is the Property;

   b. Lender's DOT—other than any inchoate liens of Adams County, Colorado, for unpaid real property taxes—is the only lien against the Property;

   c. The Debtor appears to only have 1 employee;

   d. The Debtor generates no cash flow, has no income and no business to reorganize;

   e. The Debtor only has 2 purported unsecured creditors;

   f. The Debtor commenced this case on the eve of a state law trustee's sale; and

   g. The Note matured by its terms prepetition.

11. Lender hereby incorporates into this Objection all facts and arguments set forth in the Stay Relief Motion as if fully pled herein.

### III. LEGAL STANDARD

12. To obtain approval of the Disclosure Statement, the Debtor must demonstrate that it contains adequate information. 11 U.S.C. § 1125(a). Section 1125(a) defines "adequate information" as:

> information of the kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a

3

hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information . . .

13. A disclosure statement should not be approved unless it "contain[s] adequate information to permit creditors and other parties in interest to *make an informed judgment* about the plan." *In re Platinum Oil Props., LLC*, No. 11-09-10832 JA, 2011 Bankr. LEXIS 5001, at *25 (Bankr. D.N.M. Dec. 12, 2011) (emphasis added). When a proposed plan contains provisions that are "patently unconfirmable, a disclosure statement may not be approved." *In re Beyond-Com Corp.*, 289 B.R. 138, 140 (Bankr. N.D. Cal. 2003); *In re Monroe Well Serv.*, 80 B.R. 324, 333 (Bankr. E.D. Pa. 1987) ("occasionally, it may be appropriate to disapprove of a disclosure statement, even if it properly summarizes and provides adequate information about a proposed plan, when a court is convinced that the plan could not possibly be confirmed.").

14. In this case, the Plan cannot be confirmed because it states that Lender's secured claim is "unimpaired". (Docket No. 53 at p. 7, § 3.1). Section 1124 of the Bankruptcy Code determines whether a plan impairs a creditor's claim. *See* 11 U.S.C. § 1124. Under Section 1124(1) of the Bankruptcy Code, a claim is not impaired if it "leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest." 11 U.S.C. § 1124(1). In this case, Lender's contractual rights under its loan documents are altered by the Plan in, at least, the following material respects: (i) Lender is denied the right to accrue default interest at the rate of 28% as authorized under the loan documents; (ii) Lender is denied the right to immediately enforce its contractual and state law rights to liquidate its collateral notwithstanding the Note matured by its terms prepetition; and (iii) Debtor is granted an additional year to try and sell the Property or refinance Lender's note notwithstanding the note matured by its terms prepetition. Accordingly, Lender's claim is impaired under the definition of Section 1124(1) of the Bankruptcy Code.

15. Additionally, Lender's claim is impaired under Section 1124(2) of the Bankruptcy Code. Section 1124(2) of the Bankruptcy Code provides that a claim that has been accelerated may be unimpaired if five specific requirements are met. In this case, the Debtor cannot meet at least 3 of the 5 requirements to render the Lender's claim unimpaired. First, the note has matured by its terms prepetition in October of 2017 and cannot, therefore, be reinstated because the obligation became due over 6 months ago. Thus, the Plan cannot "decelerate" the note as it aims to do. *See* 11 U.S.C. § 1124(2)(B). Second, the only way that a default can be "cured" would be payment in full according to the prepetition loan documents. However, the Plan proposes to pay Lender its claim plus some level of interest determined by the Court—not the agreed upon default interest rate of 28%. The Plan, therefore, not only fails to make an appropriate "cure" but also otherwise alters Lender's contractual rights under its loan documents. *See* 11 U.S.C. § 1124(2)(A) and (E). Accordingly, the Lender's claim is impaired under Section 1124(2) of the Bankruptcy Code.

4849-2070-2052.1

16. Because Lender's claim is actually impaired under Section 1124 of the Bankruptcy Code—contrary to the Plan's language—the Plan cannot be confirmed under Section 1129(a)(1) of the Bankruptcy Code. Section 1129(a)(1) of the Bankruptcy Code requires that a plan comply with all applicable provisions of the Bankruptcy Code. In this case, the Plan fails to comply with Section 1124 of the Bankruptcy Code because Lender's claim is impaired. Furthermore, because Lender's claim is impaired, the Plan fails to comply with Section 1126 by denying Lender the ability to vote on the Plan. 11 U.S.C. § 1126(a) and (f). Accordingly, the Plan fails to satisfy Section 1129(a)(1) of the Bankruptcy Code and cannot be confirmed.

17. The Court should not approve the Disclosure Statement because proceeding towards confirmation on this patently unconfirmable Plan is futile. Lender should not be required to waste further time and resources opposing a Plan which cannot be confirmed. Proceeding towards confirmation on this Plan will only result in additional delay and will continue to prejudice Lender in exercising its state law rights. Thus, the Court should not approve Debtor's Disclosure Statement and should rule upon Lender's Stay Relief Motion before allowing Debtor to proceed any further towards confirmation.

### III. RESERVATION OF RIGHTS

18. Lender hereby reserves the right to assert additional objections to the confirmability of the Plan when the Plan is solicited to creditors for approval. Nothing herein shall be construed as a waiver or relinquishment of any rights Lender may have with regard to the confirmability of the Plan.

WHEREFORE, Lender respectfully requests that the Court enter an order refusing to approve Debtor's Disclosure Statement based on the fact that the Plan is patently unconfirmable and for further relief as the Court deems just and appropriate.

**Dated:** Denver, Colorado
May 1, 2018

MOYE WHITE LLP

s/ *Timothy M. Swanson*
Timothy M. Swanson, #47267
Moye White LLP
1400 16th Street, 6th Floor
Denver, Colorado 80202
Email: tim.swanson@moyewhite.com
Phone: (303) 292-2900
Fax: (303) 292-4510
*11380 East Smith RD Investments, LLC*

5

4849-2070-2052.1

## CERTIFICATE OF SERVICE

      I hereby certify that on May 1, 2018, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notification of such filing to all parties receiving electronic notice from the Court's CM/ECF system.

      *s/ Timothy M. Swanson*

4849-2070-2052.1