United States Bankruptcy Court
District of Colorado

In re:  
11380 SMITH RD LLC  
    Debtor

Case No. 18-10965-TBM  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 1082-1      User: spressera      Page 1 of 1      Date Rcvd: Dec 12, 2018  
                              Form ID: pdf904      Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 14, 2018.
```
db             +11380 SMITH RD LLC,    11380 Smith Road,    Aurora, CO 80010-1406
aty             Weinman & Associates, P.C.,    730 17th St Ste 240,    Denver, CO  80202-3506
br            #+CBRE, Inc.,    8390 E. Crescent Parkway,    Suite 300,    Greenwood Village, CO 80111-2813
sp             +Springer & Steinberg, P.C.,    1600 Broadway,    Ste. 1200,    Denver, CO 80202-4920
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                                         TOTAL: 0

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```
sp            ##+Merlin Law Group, P.A.,    999 18th St.,    Ste. 3000,    Denver, CO 80202-2449
                                                                                      TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 14, 2018                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 12, 2018 at the address(es) listed below:
```
              Daniel J. Morse    on behalf of U.S. Trustee    US Trustee daniel.j.morse@usdoj.gov
              Douglas W Brown    on behalf of Spec. Counsel    Brown Dunning Walker PC dbrown@bbdfirm.com,
               jkordziel@bbdfirm.com;jkreh@bbdfirm.com
              Douglas W Brown    on behalf of Debtor    11380 SMITH RD LLC dbrown@bbdfirm.com,
               jkordziel@bbdfirm.com;jkreh@bbdfirm.com
              Jeffrey Weinman    on behalf of Debtor    11380 SMITH RD LLC jweinman@epitrustee.com,
               lkraai@weinmanpc.com;lkraai@ecf.courtdrive.com
              Robert Samuel Boughner    on behalf of U.S. Trustee    US Trustee Samuel.Boughner@usdoj.gov
              Scott Calvin James    on behalf of Creditor    11380 East Smith Rd Investments, LLC
               scott.james@moyewhite.com,    brooke.somerville@moyewhite.com
              Timothy M. Swanson    on behalf of Creditor    11380 East Smith Rd Investments, LLC
               tim.swanson@moyewhite.com,
               audra.duzenack@moyewhite.com;Melissa.dymerski@moyewhite.com;robin.anderson@moyewhite.com
              US Trustee    USTPRegion19.DV.ECF@usdoj.gov
                                                                                             TOTAL: 8
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

In re:

11380 SMITH RD LLC,

Debtor.

Bankruptcy Case No. 18-10965 TBM
Chapter 11

_____

**ORDER PARTIALLY APPROVING FIRST AND FINAL FEE APPLICATION OF WEINMAN & ASSOCIATES, P.C.**
_____

THIS MATTER comes before the Court on the "First and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Weinman & Associates, P.C." (Docket No. 144, the "Application") filed by counsel for the Debtor, Weinman & Associates, PC. (the "Applicant").  The Applicant asserts it provided proper notice of its Application and no objections were filed.

In the Application, the Applicant requests final approval of a total of $44,476.46 of fees, consisting of $21,329.42 of amounts already paid by the Debtor through application of the balance of a retainer and interim compensation, plus $23,147.04 in unpaid fees. The Applicant also requests final approval of a total of $1,020.66 in expenses, all of which the Debtor has already paid through application of a retainer held by Applicant and interim fee reimbursement.

The Court carefully reviewed the Application and all supporting materials.  The Court has determined that the Cover Sheet (Docket No. 144) and the text of the Application are erroneous because they overstate the amount of fees billed.  More specifically, the text of the Application requests a total of $44,476.46 in fees.  However, Exhibit B (the Narrative of Services Performed) details the fees in only two categories. The first category consists of fees charged for "General Case Administration."  In this category, the Application claims $16,100.50 in fees have been billed.  The second category consists of fees charged for "Plan and Disclosure Statement."  In this category, the Application has billed $21,396.00 in fees.  Thus, in Exhibit B, the total of fees billed by Applicant is only $37,496.50 ($16,100.50 + $21,396.00), not the $44,476.46 asserted in the text of the Application and the Cover Sheet.

Given the discrepancy between Exhibit B, the Application and the Cover Sheet, the Court carefully scrutinized the Applicant's underlying billing records attached to the Application as Exhibit C.   The billing records are consistent with Exhibit B (the Narrative of Services Performed).  That is – the billing records show that Applicant billed only a total of $37,496.50 in fees, not the $44,476.46 stated in the text of the Application and Cover

Sheet.  The Court also confirmed that the Applicant charged $1,020.66 in expenses, all of which has been paid.

Based on the foregoing, pursuant to 11 U.S.C. §§ 330 and 331, the Court:

ORDERS that the Applicant is awarded reasonable compensation for actual and necessary services in the total amount of $37,496.50; and

FURTHER ORDERS that after deducting the amount of $21,329.42 which has already been paid to Applicant through application of a retainer and interim compensation, the Debtor is authorized to pay the Applicant the remaining balance of $16,167.08; and

FURTHER ORDERS that the Applicant is awarded $1,020.66 for "reimbursement for actual necessary expenses" all of which already has been paid through application of a retainer or interim compensation, so the Debtor is not authorized to reimburse the Applicant for any additional expenses.

DATED this 12th day of December, 2018.

BY THE COURT:

*Thomas B. McNamara*
Thomas B. McNamara,
United States Bankruptcy Judge