```
                               United States Bankruptcy Court
                                     District of Colorado
In re:                                                                     Case No. 18-10965-TBM
11380 SMITH RD LLC                                                         Chapter 11
         Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 1082-1          User: spressera              Page 1 of 1              Date Rcvd: Dec 28, 2018
                              Form ID: pdf904              Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 30, 2018.
db             +11380 SMITH RD LLC,    11380 Smith Road,    Aurora, CO 80010-1406
aty             Weinman & Associates, P.C.,    730 17th St Ste 240,    Denver, CO  80202-3506
br            #+CBRE, Inc.,   8390 E. Crescent Parkway,    Suite 300,   Greenwood Village, CO 80111-2813
sp             +Springer & Steinberg, P.C.,    1600 Broadway,   Ste. 1200,   Denver, CO 80202-4920

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                  TOTAL: 0

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
sp            ##+Merlin Law Group, P.A.,    999 18th St.,   Ste. 3000,   Denver, CO 80202-2449
                                                                                              TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 30, 2018                                          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 28, 2018 at the address(es) listed below:
              Daniel J. Morse    on behalf of U.S. Trustee    US Trustee daniel.j.morse@usdoj.gov
              Douglas W Brown    on behalf of Spec. Counsel    Brown Dunning Walker PC dbrown@bbdfirm.com,
               jkordziel@bbdfirm.com;jkreh@bbdfirm.com
              Douglas W Brown    on behalf of Debtor    11380 SMITH RD LLC dbrown@bbdfirm.com,
               jkordziel@bbdfirm.com;jkreh@bbdfirm.com
              Jeffrey Weinman    on behalf of Debtor    11380 SMITH RD LLC jweinmantrustee@outlook.com,
               lkraai@weinmanpc.com;lkraai@ecf.courtdrive.com
              Robert Samuel Boughner    on behalf of U.S. Trustee    US Trustee Samuel.Boughner@usdoj.gov
              Scott Calvin James    on behalf of Creditor    11380 East Smith Rd Investments, LLC
               scott.james@moyewhite.com,    brooke.somerville@moyewhite.com
              Timothy M. Swanson    on behalf of Creditor    11380 East Smith Rd Investments, LLC
               tim.swanson@moyewhite.com,
               audra.duzenack@moyewhite.com;Melissa.dymerski@moyewhite.com;robin.anderson@moyewhite.com
              US Trustee    USTPRegion19.DV.ECF@usdoj.gov
                                                                                               TOTAL: 8
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

In re:

11380 SMITH RD LLC,

Debtor.

Bankruptcy Case No. 18-10965 TBM
Chapter 11

**ORDER REGARDING WEINMAN & ASSOCIATES, P.C.'S MOTION TO MODIFY COURT ORDER DATED DECEMBER 12, 2018 PARTIALLY APPROVING FIRST AND FINAL FEE APPLICATION**

This matter comes before the Court on the "Motion to Modify Court's Order Dated December 12, 2018 Partially Approving First and Final Fee Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Weinman & Associates, P.C." (Docket No. 155, the "Motion to Modify") filed by counsel for the Debtor, Weinman & Associates, PC. (the "Applicant").

On November 16, 2018, the Applicant submitted its "First and Final Fee Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Weinman & Associates, P.C." (Docket No. 144, the "Application"). In the Application, the Applicant requested final approval of fees and expenses rendered by the Applicant under 11 U.S.C. § 331. The Court carefully reviewed the Application and all supporting materials. The Court determined that the Cover Sheet (Docket No. 144) and the text of the Application were erroneous because they overstated the amount of fees billed. The Court determined that "the billing records show that Applicant billed only a total of $37,496.50 in fees," not the higher amount asserted in the Application. Accordingly, on December 12, 2018, the Court issued its "Order Partially Approving First and Final Fee Application of Weinman & Associates, P.C." (Docket No. 153, the "Order"). Among other things, the Court ordered:

> ORDERS that the Applicant is awarded reasonable compensation for actual and necessary services in the total amount of $37,496.50; and
>
> FURTHER ORDERS that after deducting the amount of $21,329.42 which has already been paid to Applicant through application of a retainer and interim compensation, the Debtor is authorized to pay the Applicant the remaining balance of $16,167.08; and
>
> FURTHER ORDERS that the Applicant is awarded $1,020.66 for "reimbursement for actual necessary expenses" all of which already has been paid through application of a retainer

> or interim compensation, so the Debtor is not authorized to reimburse the Applicant for any additional expenses.

Order at 2.

In the Motion to Modify the Applicant contests the Order and asserts that it is entitled to total "fees in the amount of $43,455.80, leaving an unpaid balance owing of $23,147.05 [since the Applicant had already received $20,308.75 on an interim basis for fees]." Motion to Modify at 2. The Applicant also requested approval of $1,020.66 in expenses all of which already had been paid on an interim basis.

Notwithstanding the lack of any objection to the Application, the Court has an independent obligation to review and scrutinize each application for attorneys' fees and costs in Chapter 11 reorganization cases. *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 840-42 (3rd Cir. 1994); *McCoy v. Hardeman (In re Tahah)*, 330 B.R. 777, 780-81 (10th Cir. B.A.P. 2005). In this case, the Court's review has been hampered by the errors and inconsistencies in the Application which necessitated the Court to engage in additional effort and reconstruction of the Application.

The first problem was that the Applicant did not comply with L.B.R. 2016-1(a)(1) by submitting a Cover Sheet conforming with L.B.F. 2016-1.1. The Applicant utilized what appears to be a superseded form of Cover Sheet. As a result, the Applicant did not clearly and separately identify the "amount of fees sought" and "amount of expense reimbursement sought." *See* L.B.F. 2016-1.1. Instead, in the Cover Sheet, the Applicant stated that the "amount of *compensation* sought" was $23,147.04.

Another problem with the Application was that the Debtor was operating under an "Order Approving Interim Advance Payment Procedures" (Docket No. 57, the "Payment Procedures Order"). The Payment Procedures Order required that "Parties seeking Interim Advance Payments must . . . File formal interim fee applications . . . at least every 180 days, unless otherwise ordered by the Court." But, the Applicant simply ignored the requirement. Instead, the Applicant apparently caused the Debtor to make interim payments and then skipped any interim applications and approvals.

Notwithstanding the procedural deficiencies, the biggest problem with the Application was that the numbers did not add up. And, they still do not. In the Motion to Modify, the Applicant claims "total attorney and paralegal fees in the amount of $43,455.80" plus "total expenses in the amount of $1,020.66." But, according to Exhibit B to the Application and the accompanying billing statements, the Applicant did not render services valued at $43,455.80. Instead, Exhibit B to the Application states that the Applicant worked 37 hours valued at $16,100.50 in the "General Case Administration Category" and worked 57.8 hours valued at $21,396.00. That adds up to a total of $37,496.50 in fees (not the $43,455.80 now claimed by the Applicant in the Motion to Modify). Additionally, the Applicant incurred $1,020.66 in expenses. Because of the discrepancies, the Court has been forced to manually audit and summarize the billings.

2

The Applicant's billing records show the following for fees and expenses:

| Invoice Date | Case Admin. Fees | Plan/Disclosure Stmt. Fees | Expenses |
|---|---|---|---|
| March 1, 2018 | $ 2,628.00 | $ 4,419.00 | $ 322.36 |
| March 28, 2018 | $ 4,903.00 | $ 3,286.50 | $ 105.36 |
| May 1, 2018 | $ 5,547.00 | $ 1,767.00 | $ 108.10 |
| May 30, 2018 | $ 1,732.50 | $ 2,106.00 | $ 22.36 |
| June 29, 2018 | $ 247.50 | $ 3,319.50 | $ 0.00 |
| July 30, 2018 | $ 0.00 | $ 300.00 | $ 91.56 |
| Aug. 29, 2018 | $ 99.00 | $ 3,354.00 | $ 0.00 |
| Sept. 28, 2018 | $ 795.00 | $ 2,844.00 | $ 370.92 |
| Oct. 29, 2018 | $ 148.50 | $ 0.00 | $ 0.00 |
| Totals: | $16,100.50 | $21,396.00 | $1,020.66 |

Summarizing the foregoing, the Applicant has demonstrated: (1) total fees of $37,496.50 ($16,100.50 + $21,396.00); and (2) total expenses of $1,020.66. Thus, the aggregate of fees and expenses is $38,517.16. These are the exact amounts included in the Order. Therefore, the Court will not reconsider or modify such amounts. The Court already has allowed 100% of the fees and costs of the Applicant as shown on the Applicant's own billing records as well as Exhibit B to the Application. The $43,455.80 in fees now asserted in the Motion to Modify is either erroneous or unsupported.

While the Court already has allowed the aggregate of fees and expenses of $38,517.16, the Court also has authorized the Debtor to pay the Applicant the unpaid amounts (*i.e.,* the amounts not already paid on an interim basis from the Debtor's retainer and direct payments). In order to derive the specific unpaid amounts, it is necessary to identify the payments already made to the Applicant. Unfortunately, the Applicant did not provide a breakdown of such payments. Instead, the Applicant merely asserted "[a] total of $21,329.42 was paid to Applicant on an interim basis." Application at 2. Given the lack of clarity in the Application, the Court initially understood that the Applicant had received $21,329.42 applied to fees plus $1,020.66 applied to expenses. However, the Court has re-audited. The Applicant's billing records show the following for payments:

| Payment Date | Payment Amount | |
|---|---|---|
| April 2, 2018 | $ 6,024.80 | |
| April 25, 2018 | $ 1,178.52 | |
| April 2, 2018 | $ 5,413.20 | |
| May 23, 2018 | $ 5,959.30 | |
| May 23, 2018 | $ 5,959.30 | (Erroneous Double Recording of Payment) |
| July 17, 2018 | $ 2,753.60 | |
| Aug. 20, 2018 | $(5,959.30) | (Subtraction of Erroneous Recording of Payment) |
| Total: | $21,329.42 | |

This amount is consistent with the Application. Upon further review, the amount appears to have been applied to payment of all expenses and then against fees. Thus, the remaining amount to be paid by the Debtor to the Applicant is $17,187.74, which is derived from the $38,517.16 aggregate of fees and costs minus the $21,329.42 already

3

paid to the Applicant through the retainer or by the Debtor.[1]  The Court rejects the alleged unpaid balance of $23,147.05 asserted in the Motion to Modify as either erroneous or unsupported.

The Motion to Modify adds one more strange twist concerning a credit or adjustment.  The Applicant recites:

> In its May 30, 2018 billing statement, Weinman correctly credited the Debtor with an interim payment of $5,959.30.  In its June 29, 2018 billing statement, Weinman inadvertently credited the Debtor with a[] [second] interim payment of $5,959.30.  This payment was not made by the Debtor to Weinman.  Weinman thereafter discovered the billing error and in its August 29, 2018 billing statement made a $5,959.30 adjustment . . . .

Motion to Modify at 2.  The foregoing is consistent with the Applicant's billing records.  Further, it is reflected in the summary prepared by the Court above.  Only one $5,959.30 payment was actually made.  And, the "second" erroneous $5,959.30 payment was backed out.  So far, so good.

But, the Applicant now claims:

> The August 29, 2018 adjustment of $5,959.30 should rightly be applied to reflect the correct amount of attorney and paralegal fees billed and not to increase total expenses.  The result of the adjustment should be to increase Weinman's total fees to $43,455.80 ($37,496.50 + $5,959.30).

Motion to Modify at 2.  The argument is gobbledygook.  The Applicant has acknowledged that he received one payment of $5,959.30.  Then, the Applicant made a mistake and listed a second payment in the same amount.  But the Applicant caught the error and made an accounting entry effectively backing out or cancelling the second payment.  The Court can conjure up no rationale why the Applicant's own accounting mistake (which was already corrected) could somehow be used to "increase Weinman's total fees."  The Applicant did not render any additional legal services.  Instead, based on its own billing statements, it appears that the Applicant improperly is attempting to inflate the amount remaining to be paid.  The aggregate of fees and expenses is $38,517.16 and the Applicant already received interim payments of $21,329.42.  So, the Applicant is only owed $17,187.74 in unpaid fees.

Based on the foregoing, pursuant to 11 U.S.C. §§ 330 and 331, the Court:

---

[1] When it issued the Order, the Court understood that the total interim payments of $21,392.42 were applied only to fees and that an additional $1,020.66 had been paid for expenses.  That was unclear in the Application.  But, upon re-reviewing the actual billing statements, it appears that only $21,392.42 was paid and applied to satisfy all the expenses and some of the fees.

      ORDERS that the Applicant is awarded reasonable compensation for actual and necessary services in the total amount of $37,496.50 and $1,020.66 for "reimbursement for actual necessary expenses";

      FURTHER ORDERS that after deducting the amount of $21,329.42 which has already been paid to Applicant through application of a retainer and interim compensation, the Debtor is authorized to pay the Applicant the remaining balance of $17,187.74; and

      FURTHER ORDERS that except for the foregoing adjustment of the remaining balance amount, the Motion to Modify is DENIED.

      DATED this 28th day of December, 2018.

      BY THE COURT:

_Thomas B. McNamara_
Thomas B. McNamara,
United States Bankruptcy Judge